### BROWN v. THORLEY.

(City Court of New York, General Term. December 29, 1899.)

BILL OF PARTICULARS—ORDER—MOTION TO VACATE.

    Where an order requiring plaintiff to serve a bill of particulars was fully justified at the time it was granted, a motion to vacate it, made more than two years after its service, and after the time for appeal therefrom had long since expired, should be denied.

Appeal from special term.

Action by Harry Brown against Charles Thorley. From an order of the special term refusing to vacate an order directing plaintiff to serve a bill of particulars, he appeals. Affirmed.

The following is the opinion of the court below (SCHUCHMAN, J.):

"This action is brought to recover a balance due for goods sold and delivered, and the cause of action is stated in the complaint as follows: 'That heretofore, and prior to the commencement of this action, the plaintiff, at the special instance and request of the defendant, sold and delivered to said defendant goods, wares, and merchandise, consisting of cut flowers of the aggregate value and agreed price and was reasonably worth the sum of $754.49.' Then follows an allegation of payment on account, leaving a balance due, for which judgment is demanded. The time or times of the alleged sale and delivery and partial payment are not set forth. The papers on this motion show that the cause of action arose in 1882, and this suit is brought in 1896. The complaint was served on the 21st of September, 1896, and on that day a bill of particulars of the plaintiff's claim was demanded by defendant. Thereupon several extensions of time to answer were granted by plaintiff, and on or about the 7th of November, 1896, defendant made a motion for an order directing the plaintiff to serve a bill of particulars; and, after hearing counsel for the respective parties in favor of and opposed to the motion, an order was, on the 12th day of November, 1896, made, 'requiring the plaintiff to deliver, within five days after the service thereof, an account in writing of the particulars of the plaintiff's demand and for which this action is brought, and in default thereof that the plaintiff be precluded from giving evidence at the trial in support of said claim.' A copy of this order was served on the plaintiff's attorney on November 13, 1896, and he has failed to serve a bill of particulars, as required thereby. The plaintiff now moves for an order 'annulling, vacating, and setting aside the said order of the 12th day of November, 1896, or, if that motion be denied, then that said order be resettled, modified, and amended by striking out therefrom the provision contained therein,' 'that plaintiff be precluded from giving evidence at the trial in support of his claim and account,' and 'limiting and confining said order to the granting of said bill of particulars for the purpose of enabling defendant to answer herein, and for that purpose only'; and this motion is made upon the ground, as it appears from the affidavit of the plaintiff, 'that he is informed by his attorney that the defendant, having sought the said bill of particulars for the purpose only of enabling him to answer, and he thereafter having answered, although said bill of particulars had not been served on him, that it was no longer the duty of said plaintiff to serve said bill of particulars, as the same was not sought for the purpose of enabling said defendant to prepare for trial.' The making of this application, nearly two and a half years after the entry of the order, is sufficient to show that the legal position asserted by plaintiff is not well taken. The order, at the time it was made, was fully justified, no appeal was taken therefrom, or any attempt made to comply therewith. Woodruff v. Austin, 16 Misc. Rep. 543, 38 N. Y. Supp. 787; Haggerty v. Ryan, 17 Misc. Rep. 277, 40 N. Y. Supp. 384; Paper Co. v. West, 3 App. Div. 451, 38 N. Y. Supp. 229; Indemnity Co. v. Bondy, 17 App. Div. 328, 45 N. Y. Supp. 267; McClellan v. Duncombe, 26 App. Div. 353, 49 N. Y. Supp. 679,—are submitted as authorities in support of the plaintiff's position, but a careful examination of those cases shows that they do not apply to the question presented on this motion. In those cases it was held that the relief sought was not necessary

or proper to grant at the time the orders therein were made, but in the case at bar no such claim is made. It follows that the motion should be denied. Upon the other branch of the motion, for other and further relief, the papers herein show a wholly different cause of action from that sued on. In the complaint, a direct cause of action is alleged; in the affidavit, the claim that the plaintiff is entitled to recover on an assigned cause of action arising in 1882 and 1883. Motion denied."

Argued before FITZSIMONS, C. J., and O'DWYER and HAS-CALL, JJ.

Norman A. Lawlor, for appellant.
Julius Offenbach, for respondent.

O'DWYER, J. The order requiring the service of a bill of particulars was fully justified at the time it was granted, and the motion to vacate that order, made more than two years after the service thereof, and when the time to appeal therefrom had long since expired, is evidently intended as a new method for reviewing orders of the special term. The plaintiff's laches, if nothing else appeared, is sufficient to sustain the order appealed from, but, in addition thereto, we agree with the views expressed in the opinion below.

Order affirmed, with $10 costs and disbursements. All concur.